AO 243 (Rev. 01/15)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Western District of Texas |
|---|---|---|

| Name *(under which you were convicted)*: Rey Ortiz | Docket or Case No.: 3:07-cr-1965-PRM |
|---|---|
| Place of Confinement: FCI Cumberland | Prisoner No.: 17246-180 |

**EP 16 CV 0248**

| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* |
|---|---|
| V. | Rey Ortiz |

**MOTION**

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    United States District Court for the Western District of Texas, El Paso Division.

    (b) Criminal docket or case number (if you know): 3:07-cr-1965-PRM

2.  (a) Date of the judgment of conviction (if you know): 7/9/2008

    (b) Date of sentencing: 7/8/2008

3.  Length of sentence: 156 months imprisonment and ten years supervised release.

4.  Nature of crime (all counts):

    Count 1: Importation of 50 Kilograms or More of Marijuana.
    Count 2: Possession With Intent to Distribute 50 Kilograms or More of Marijuana.

5.  (a) What was your plea?  (Check one)
    (1) Not guilty ☐    (2) Guilty ☑    (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
    what did you plead guilty to and what did you plead not guilty to?

    Plead guilty to Count One; Government dismissed Count Two.

6.  If you went to trial, what kind of trial did you have?  (Check one)    Jury ☐    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8.  Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9.   If you did appeal, answer the following:

   (a) Name of court:   United States Court of Appeals for the Fifth Circuit

   (b) Docket or case number (if you know):   08-50730

   (c) Result:   Dismissed

   (d) Date of result (if you know):   7/16/2009

   (e) Citation to the case (if you know):   U.S. v. Ortiz, 326 Fed.Appx. 822 (2009)

   (f) Grounds raised:

   Court appointed counsel for defendant found no clear error which was preserved for appeal; counsel filed
   Anders brief and requested leave to withdraw.

   (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☑

      If "Yes," answer the following:

      (1) Docket or case number (if you know): _____

      (2) Result: _____

      (3) Date of result (if you know): _____

      (4) Citation to the case (if you know): _____

      (5) Grounds raised:

10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications,
      concerning this judgment of conviction in any court?
      Yes ☑      No ☐

11.   If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:   United States District Court for the Western District of Texas, El Paso Division.

      (2) Docket or case number (if you know):   3:10-CV-0265-PRM

      (3) Date of filing (if you know):   7/19/2010

      (4) Nature of the proceeding:   Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

      (5) Grounds raised:   Ineffective assistance of counsel; counsel failed to argue against the "career offender"
                           enhancement imposed after the Court found a previous burglary conviction as a

"crime of violence."

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

          Yes ☐     No ☑

    (7)  Result:  Denied.

    (8)  Date of result (if you know):  6/28/2011

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court:   United States District Court for the Western District of Texas, El Paso Division.

    (2)  Docket of case number (if you know):  3:07-CR-1965-PRM

    (3)  Date of filing (if you know):  4/4/2016

    (4)  Nature of the proceeding:   Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(C)

    (5)  Grounds raised:

    (1) Amendment 782 reduces the base offense level in the drug quantity tables at USSG 2D 1.1 and 2D § 1.11 and retroactively applies to cases sentenced prior to November 1, 2014.

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

          Yes ☐     No ☑

    (7)  Result:  Denied.

    (8)  Date of result (if you know):  4/4/2016

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:     Yes ☐     No ☑

    (2)  Second petition:   Yes ☐     No ☑

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Unknown.

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                          Page 5

**GROUND ONE:** The sentence was imposed in violation of the Constitution and laws of the United States;
~~the career offender enhancement was based upon the unconstitutional "residual clause."~~

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Ortiz was convicted of importation of 50 kilograms or more of marijuana.. He received an enhanced sentence of
156 months' imprisonment to be followed by 10 years' supervised release under the career offender guidelines,
based on the district court's finding that he had one prior Texas conviction for importation of a quantity of
marijuana and one prior Texas conviction for burglary of habitation in violation of Texas Penal Code 30.02,  which
can only qualify as a "crime of violence" under that definition's "residual clause."

(b)  **Direct Appeal of Ground One:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes  [ ]          No  [✓]

(2)   If you did not raise this issue in your direct appeal, explain why:

U.S. v. Johnson rule was not previously available to Ortiz.

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes  [ ]          No  [✓]

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes  [ ]          No  [ ]

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes  [ ]          No  [ ]

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes  [ ]          No  [ ]

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____   _____   _____

Date of the court's decision: _____   _____   _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND TWO:** _____

_____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

     Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

     Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

     Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** _____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

AO 243 (Rev. 01/15)

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** _____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐          No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

      Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

      Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground One has not been presented in any federal court. It was not presented because the claim for relief was not previously available.  The claim raised as Ground One relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  See 28 U.S.C. 2255(h)(2), 2244(b)(2)(A).The claim for relief is now available since Welch v. United States held that Johnson v. United States announced a new substantive rule of constitutional law. Welch v. United States, 136 S. Ct. 1257 at 1264-67.

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 243 (Rev. 01/15)

15.    Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:
Margarito Gonzalez Rodriguez , 700 East San Antonio, Room D-401, El Paso, TX 79901-1562.

(b) At the arraignment and plea:
Margarito Gonzalez Rodriguez , 700 East San Antonio, Room D-401, El Paso, TX 79901-1562.

(c) At the trial:
Not applicable

(d) At sentencing:
Daniel Salvador Gonzalez, 909 E. Rio Grande, El Paso, TX 79902.

(e) On appeal:
Jose Montes , Jr., 1155 Westmoreland Dr., Suite 120, El Paso, TX 79925.

(f) In any post-conviction proceeding:
Edgar H. Holguin, 700 E. San Antonio St., Room D-401, El Paso, TX 79901.

(g) On appeal from any ruling against you in a post-conviction proceeding:

Not applicable

16.    Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ☑

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Under 28 U.S.C. § 2255(f)(3), the one-year period of limitations begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" On June 26, 2015, the Supreme Court held in Johnson v. United States, 135 S. Ct. 2551 (2015), that the identically worded residual clause in the Armed Career Criminal Act's "violent felony" definition, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and that imposing an enhanced sentence pursuant to that provision violates the Constitution's guarantee of due process. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson announced a new substantive rule that is retroactively applicable to cases on collateral review. This motion is filed within one year of the decision in Johnson.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                           Page 13

Therefore, movant asks that the Court grant the following relief:

to vacate his sentence and resentence him without application of the career offender guidelines

_____

or any other relief to which movant may be entitled.

                                                    _____
                                                         Marie Romero-Martinez
                                                    _____
                                                         Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
                                                                          (month, date, year)


Executed (signed) on _____ (date)


                                                    _____
                                                         Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

This court appointed the Federal Public Defender for the Western District of Texas to represent movant in seeking relief
in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Counsel is an Assistant
Federal Public Defender in that office.